UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| In re:<br><br>INSIGHT TERMINAL SOLUTIONS, LLC, *et al.*,<br><br>                      Debtors.<br><br>INSIGHT TERMINAL SOLUTIONS, LLC, as the Reorganized Debtor,<br><br>                      Plaintiff,<br><br>           v.<br><br>CITY OF OAKLAND,<br><br>                      Defendant. | Chapter 11<br><br>Case No. 19-32231<br><br>(Jointly Administered)<br><br>Adv. Proc. No. 24-03007-jal<br><br>Judge Joan A. Lloyd |

**DEFENDANT'S MOTION FOR STAY OF ADVERSARY PROCEEDING PENDING RESOLUTION OF MOTION TO WITHDRAW THE REFERENCE AND TRANSFER VENUE**

Defendant City of Oakland, California ("City") hereby moves this Court for an order staying the above-captioned adversary proceeding pending the United States District Court for the Western District of Kentucky's resolution of the City's Motion to Withdraw the Reference and Transfer Venue, filed on November 27, 2024 as Adv. Dkt. 57 ("Motion to Withdraw and Transfer").

**PRELIMINARY STATEMENT**

On November 21, 2024, this Court denied Defendant City's motion to dismiss the two California tort claims asserted in this adversary proceeding, thereby setting this case on a

1

4923-1896-0385.1

path towards trial.  But the U.S. District Court for the Northern District of California, and not this Court, is in the best position to manage these pretrial proceedings and any eventual trial. Therefore, upon receipt of this Court's ruling, the City promptly moved the U.S. District Court for the Western District of Kentucky to withdraw the automatic reference over this above-captioned adversary proceeding to this Court under 28 U.S.C. § 157(d), and to transfer venue over this case to the Northern District of California pursuant to 28 U.S.C. § 1404(a).  The City seeks withdrawal of the reference on the grounds that: (1) this adversary proceeding is undisputedly non-core in nature, neither arising in or under federal bankruptcy law; (2) the City unquestionably has a right to a jury trial on ITS's state law business tort claims in the district court; and (3) judicial economy warrants management of this litigation and these jury claims by a district court.   The City simultaneously seeks to transfer venue to the Northern California District Court on the grounds that: (1) the contracts ITS invokes as the basis for its claims, namely the ITS sublease and the OBOT primary lease upon which it relies, contain a mandatory forum selection clauses for any dispute arising  "directly or indirectly" to be heard in Oakland, in the Northern District of California; (2) the Northern District is the geographic locus of the dispute—the parties, the evidence, every material allegation in the complaint, and nearly every material witness are all rooted there—while Kentucky has no connection whatsoever to this matter; (3) California's citizens have a paramount interest in this case, which presents contested questions of sovereign immunity and tort liability for the official actions of a large municipality and other important issues of California law. Californians should have a meaningful opportunity to observe these proceedings, and the people of Kentucky should not be saddled with the cost of them; (4) judicial economy favors having this proceeding managed by a court familiar with the California state tort, contract, and immunity doctrines at the heart of this case.

The City is likely to prevail on its motion: every relevant factor weighs decidedly in favor of granting the City's request to withdraw the reference and transfer this case. There is accordingly no need for this Court to expend its scarce resources on this case in the interim, particularly given that its efforts may need to be duplicated or superseded if this case is transferred to the Northern District of California. ITS will suffer no harm from a short pause pending the outcome of the City's motion, as the events that it claims allegedly caused its "valuation" damages, on the face of this Complaint, occurred several years ago. Should the District Court deny the City's request, the parties can very promptly return to this Court to set a case schedule. The City therefore respectfully requests that this Court provide a short stay pursuant to Rule of Bankruptcy Procedure ("Bankruptcy Rule") 5011(c) pending resolution of the City's Motion.

## ARGUMENT

Good cause exists for a short stay of proceedings in this Court to permit the District Court to consider and resolve the City's pending motion. Bankruptcy Rule 5011 permits this Court to stay proceedings pending a motion for withdrawal "on such terms and conditions as the judge deems proper." Fed. R. Bankr. Proc. 5011(c). This Court should balance four factors: (1) the likelihood that the party seeking the stay will prevail on the merits; (2) whether the movant will suffer irreparable harm if the stay is not granted; (3) whether other parties will suffer substantial harm if the stay is granted; and (4) whether the public interest will be harmed if the stay is granted. *See, e.g., In re Eagle Enterprises, Inc.*, 259 B.R. 83, 86 (Bankr. E.D. Pa. 2001) (citing 9 Collier on Bankruptcy ¶ 5011.03[2][b] at 5011-16 (Matthew Bender 16th ed. rev. 2003)). No particular factor is dispositive; nor are the factors prerequisites that must be satisfied. *Morgan Guaranty Trust Co. of New York v. Republic of Palau*, 702 F. Supp. 60, 65 (S.D.N.Y. 1988).

3

### A. The City's Motion Is Likely to Be Granted

Both the withdrawal and transfer requests are supported by every relevant legal factor, and are accordingly very likely to be granted.

***Motion to Withdraw.*** With respect to withdrawal of the reference, the court determines whether good cause exists by examining: "(1) whether the right to a jury trial exists; (2) whether the matter is core or non-core; (3) promoting judicial economy; (4) promoting uniformity in bankruptcy administration; (5) reducing forum shopping and confusion; (6) conserving the creditor's and debtor's resources; and (7) expediting the bankruptcy process." *Sergent v. McKinstry*, 472 B.R. 387, 404 (E.D. Ky. 2012). *See also Nukote Int'l, Inc. v. Off. Depot, Inc.*, No. 3:09-0921, 2009 WL 3840482, at *3 (M.D. Tenn. Nov. 16, 2009).

Each of these factors militates in favor of withdrawing the reference. The City is entitled to a jury trial on ITS's non-core state law tort claims, which means that a district court will invariably be called upon to resolve this case, including conducting any trial. *In re The VWE Grp., Inc.*, 359 B.R. 441, 451 (S.D.N.Y. 2007) (a "finding that the claim is non-core coupled with defendants' jury demand is sufficient cause to withdraw the reference"). Because this case presents only non-core claims, they would be more efficiently adjudicated by a court of general jurisdiction. The Northern District of California is particularly well-situated to oversee this case given its experience with the complex issues of California law that it implicates. Relocating this case to the district in which the parties, evidence, and relevant events took place would also economize the parties' resources and disincentive forum shopping. And finally, there is no risk of creating disuniformity in the bankruptcy laws, as this case does not implicate any bankruptcy-related doctrine. *E.g. Nukote Int'l, Inc. v. Off. Depot, Inc.*, No. 3:09-0921, 2009 WL 3840482, at *2-*9 (M.D. Tenn. Nov. 16, 2009) (granting motion to withdraw reference and transferring case to out-of-circuit district court to oversee non-core proceeding implicating state law issues).

4

*Motion to Transfer.* The City's motion to transfer venue is also very likely to succeed. A district court may, "in the interest of justice" and "[f]or the convenience of parties and witnesses" transfer "any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). District courts therefore have "broad discretion to 'adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.'" *Fausz v. Experian Info. Sols., Inc.*, No. 3:17-CV-00665-GNS, 2018 WL 3313016, at *2 (W.D. Ky. July 5, 2018) (internal citations omitted).

ITS expressly agreed to litigate any disputes arising either directly *or indirectly* from its sublease in courts having situs in Oakland, California. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) ("forum selection clause" is "significant factor" that "figures centrally" in transfer analysis); *see* City Motion to Withdraw the Reference and Transfer, also filed today. The Northern District is a far more convenient forum for the parties and witnesses. The parties all reside in California, every shred of evidence and all of the relevant conduct occurred in the Northern District of California, and nearly every material witness is located there. *See Cardinal Square, LLC v. Envelop Group, LLC*, No. 3:18-CV-423-CHB, 2018 WL 5636165, at *2 (W.D. Ky. Oct. 31, 2018) (granting a motion to transfer where the property at issue was 171 miles from the district court). Transferring the case would promote judicial economy as the Northern District is familiar with the state law doctrines at issue, and has already held one trial about issues stemming from the development project and contracts related to ITS's claims here. *See OBOT v. Cty. of Oakland*, 321 F. Supp. 3d 986 (N.D. Cal. 2018). The people of California should have a meaningful chance to view the proceedings in this case, which implicate vital questions of public concern, including questions of sovereign immunity and the conduct of public servants on behalf of an economically significant and populous city. Conversely there is

no reason for Kentucky's federal courts (or the public that must sit as jury members) to invest the substantial resources necessary to adjudicate a complex case with no connection to this State. *See Bascom v. Maxim Integrated Products, Inc.*, 534 F. Supp. 2d 700, 705 (W.D. Tex. 2008) ("Jury duty is a burden that ought not be imposed upon the people of a community which has no relation to the litigation.") (quoting *Koehring Co. v. Hyde Constr. Co.*, 324 F.2d 295, 296 (5th Cir. 1963)).

### B.  The City Stands to Suffer Irreparable Harm Absent the Issuance of a Stay

The City will incur unnecessary expense if it is required to proceed with the adversary proceeding while the Motion to Withdraw and Transfer is pending.  The undersigned counsel understands that this Court tends to move swiftly to case and trial scheduling, and with a fast case schedule comes an immediate need to move into discovery and incur the attendant costs. The City should not be made to sit for depositions in Kentucky (as counsel for ITS has previously requested), only for the case to be rerouted to California.

### C.  Granting the Stay Will Not Cause Harm to ITS

Briefly staying this adversary proceeding until the District Court determines whether to withdraw the reference and transfer venue will cause no harm to ITS.  ITS cannot advance any compelling reason why its adversary proceeding must go forward *immediately* in this Court given that ITS waited for almost four years post-confirmation to commence its adversary proceeding, complaining of City conduct that allegedly began over a decade ago.  A short stay will not impede ITS's eventual ability to make arguments to the Northern District of California, or advocate for a swift case schedule to that Court.  Conversely, failing to impose a stay may

6

require both parties to duplicate their efforts and incur unnecessary costs should the case be transferred and the Northern District decides to revisit this Court's discovery rulings.[1]

### D. The Public Interest Favors Granting the Requested Relief

Finally, the public interest favors granting a stay. The public has an interest in ensuring that this case is heard in the appropriate forum. There is no reason to rush this case forward, thereby forcing the parties and the public to needlessly incur significant costs that may ultimately be wasted if the City's motion is granted. And given the strength of the City's arguments, this case is likely to be transferred. Imposing a brief pause in the proceedings while the District Court resolves a threshold question with important implication is the sensible approach.

### CONCLUSION

For all of the foregoing reasons, the City respectfully requests this Court to enter an Order: (1) staying the adversary proceeding pending the district court's ruling on the Motion to Withdraw and Transfer Venue; and (2) granting such other and further relief as is just and appropriate under the circumstances.

Dated:  November 27, 2024        By: /s/ *April A. Wimberg*
                                     April A. Wimberg
                                     Ryne E. Tipton
                                     DENTONS BINGHAM GREENBAUM LLP
                                     3500 PNC Tower, 101 South Fifth Street
                                     Louisville, Kentucky 40202
                                     Phone:  (502) 587-3719
                                     Email:  april.wimberg@dentons.com
                                             ryne.tipton@dentons.com

---

[1] On November 26, 2024, counsel for ITS agreed to extend the City's 14-day deadline for answering the lengthy Complaint (which included the Thanksgiving holiday) to December 20, 2024. Absent a ruling on this motion, the City will file that responsive pleading.

4923-1896-0385.1

Barbara Parker, City Attorney (SBN 69722)
Maria S. Bee, Chief Asst City Attorney (SBN 167716)
Jamilah Jefferson, Supervising Deputy City Attorney (SBN 219027)
THE CITY OF OAKLAND
One Frank Ogawa Plaza, 6th Floor
Oakland, California 94612
Phone:   (510) 238-3601
Email:   bparker@oaklandcityattorney.org
mbee@oaklandcityattorney.org
jjefferson@oaklandcityattorney.org

Monique D. Jewett-Brewster (SBN 217792)
HOPKINS & CARLEY, ALC
The Letitia Building
70 S First Street
San Jose, CA  95113-2406
Phone:       (408) 286-9800
Facsimile:   (408) 998-4790
Email:  mjb@hopkinscarley.com

Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Phone: (415) 421-7151
Email:  dleonard@altshulerberzon.com

Attorneys for Defendant,
CITY OF OAKLAND

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served electronically upon all parties in the electronic filing system.

Dated:  November 27, 2024         By:  /s/ *April A. Wimberg*
                                          April A. Wimberg

4923-1896-0385.1