UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| INSIGHT TERMINAL SOLUTIONS, LLC *et al.* | Case No. 19-32231 |
| Debtors | (Jointly Administered) |
| | |
| INSIGHT TERMINAL SOLUTIONS, LLC, as the Reorganized Debtor, | Adv. Pro. No. 24-03007-jal |
| PLAINTIFF, | Judge Joan A. Lloyd |
| v. | |
| CITY OF OAKLAND, | |
| DEFENDANT. | |

### PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR STAY OF ADVERSARY PROCEEDING PENDING RESOLUTION OF MOTION TO WITHDRAW THE REFERENCE AND TRANSFER VENUE

Comes now the above-styled Plaintiff, Insight Terminal Solutions, LLC ("Plaintiff" or "Debtor"), by counsel, and hereby files this Objection to Defendant's Motion for Stay of Adversary Proceeding Pending Resolution of Motion to Withdraw the Reference and Transfer Venue ("Objection"). In support of this Objection, Plaintiff provides as follows:

### PRELIMINARY STATEMENT

1.    Through its Motion for Stay of Adversary Proceeding Pending Resolution of Motion to Withdraw the Reference and Transfer Venue, dated November 27, 2024 [Doc. 58] ("Stay Motion"), Defendant City of Oakland ("Defendant" or the "City") requests that this Court exercise its discretion to stay this adversary proceeding based on its self-styled *Motion to Withdraw the*

*Reference and Transfer Venue* [Doc. 57] ("Withdrawal/Venue Motion"). But this is just the latest tactic used by the City to keep delaying this proceeding and prevent the Debtor from having its day in court.  For this fundamental reason and the additional grounds detailed below, the Stay Motion should be denied.

## BACKGROUND

2.      On March 11, 2024, Plaintiff filed its Complaint for Damages [Doc. 1] ("Complaint") alleging, among other things, that the City's judicially determined maleficence constitutes interference with Debtor's ability to monetize its Army Base Gateway Redevelopment Project Sub-Ground Lease for West Gateway, dated September 24, 2018 ("Sub-Ground Lease") with Oakland Bulk and Oversized Terminal, LLC ("OBOT"), directly resulting in at least one billion dollars in realized damages. After requesting more time to respond to the Complaint, on May 1, 2024, the City filed a Motion to Dismiss the Complaint [Doc. 25] (the "Motion to Dismiss"). Delay.

3.      On July 3, 2024, Debtor filed a Motion for a Rule 2004 Examination of the City. [Doc. 508] (the "2004 Motion"). On July 5, 2024, the City filed its Preliminary Opposition to Motion by Debtor and Plaintiff Insight Terminal Solutions for Rule 2004 Examination of Defendant City of Oakland [Doc. 509]. After a hearing on July 11, 2024, this Court issued its Memorandum-Opinion [Doc. 523], granting the 2004 Motion. Even so, the City filed its Motion for Reconsideration and Relief from Order Granting Rule 2004 Motion for Examination of City of Oakland, or in the alternative, to Stay That Order [Doc. 525] (the "Motion for Reconsideration"). Since filing the Motion for Reconsideration, the City has refused to cooperate with the 2004 Motion. Recently, the City has declared that it will not comply with this Court's Memorandum-Opinion (Doc. 523) granting the 2004 Motion until the Court rules on the Stay

Motion.  Put differently, the City has decided to unilaterally grant itself the relief it seeks from this Court though the Stay Motion. (Declaration of Barry W. Lee In Support of Plaintiff's Objection to Defendant's Motion for Stay of Adversary Proceeding Pending Resolution of Motion to Withdraw the Reference and Transfer Venue ["Lee Decl."], ¶ 2, Ex. A.)

4.      Following hearings on July 11, 2024, and October 16, 2024, as well as additional briefing from the parties, on November 21, 2024, this Court entered its Memorandum-Opinion and Order [Doc. 56], denying the Motion to Dismiss in its entirety, thereby allowing the Complaint to move forward.

## ARGUMENT

5.      Doubling-down on its delay strategy, the City has now filed this Stay Motion seeking to put everything on hold while its improvident Withdrawal/Venue Motion "winds its way" through the U.S. District Court for the Western District of Kentucky.

6.      As will be explained in Plaintiff's forthcoming objection, the Withdrawal/Venue Motion is procedurally defective, legally meritless, and is grounded on non-existent and misrepresented facts.  The City's Withdrawal/Venue Motion fails to advance any legally recognized basis for the withdrawal of the reference.  It is merely a transparent attempt to block this Court from considering the City's improper request to transfer this adversary proceeding to the US District Court for the Northern District of California.

7.      Even if the Withdrawal/Venue Motion has merit, the default rule is that this proceeding is not stayed while the Withdrawal/Venue Motion is pending and heard. Moreover, based on precedent, this Court should not exercise its discretion to stay the matter pending the outcome of the Withdrawal/Venue Motion. Consequently, the Stay Motion should be denied.

8.      A request to stay a proceeding upon the filing a motion for withdrawal is an exception, not the rule: "The filing of a motion for withdrawal of a case or proceeding . . . shall not stay the administration of the case or any proceeding therein before the bankruptcy judge . . . ." Fed. R. Bankr. P. 5011(c); [1] *see also In re Perfect Home L.L.C.*, 231 B.R. 358, 360 (Bankr. N.D. Ala. 1999) (refusing to stay the proceedings pending the motion to withdraw the reference, stating, "Bankruptcy Rule 5011(c) provides explicitly that proceedings are not stayed when a motion to withdraw the reference is filed unless the court so orders."); *Matter of Wheeler*, No. 22-31180, 2024 WL 2066442, at *3 (Bankr. N.D. Ind. Apr. 16, 2024) (ordering that the bankruptcy court would continue the administration of the case while the motion to withdraw was pending); *McCloskey v. White*, 2011 WL 780793, at *1 (N.D. Ohio March 1, 2011) ("A stay in a civil case is an extraordinary remedy that should be granted only when justice so requires.").

9.      While there is a limited exception to the general rule, wherein a "bankruptcy judge *may* stay, on such terms and conditions as are proper, proceedings pending disposition of the motion . . . ," courts have generally refused to stay the proceedings where the requesting party has already filed other motions with the court. Fed. R. Bankr. P. 5011(c) (emphasis added); *see also, e.g., In re Byrnes*, No. 20-12086-T7, 2021 WL 2184392, at *2–3 (Bankr. D.N.M. May 27, 2021) (refusing to grant a stay where a motion to dismiss had already been filed); *In re Veros Energy, LLC*, 587 B.R. 134, 142 (Bankr. N.D. Ala. 2018) (refusing to grant a stay in a post plan confirmation adversary proceeding where venue motions were already pending); *F.D.I.C. v. Imperial Cap. Bancorp, Inc.*, No. 11-CV-2065-LAB-WMC, 2011 WL 5600542, at *1–2 (S.D. Cal.

---

[1] The Stay Motion does not ask for an abstention, a separate and distinct form of judicial relief set forth in Bankruptcy Rule 5011(c). *See, e.g., Parker v. Nationwide Mut. Ins. Co.*, 586 B.R. 7, 10–11 (Bankr. N.D. Ohio 2018) (listing 13 factors that would support abstention). As such, this Objection will not analyze the same other than to say, like stays, "abstention is the exception and not the rule." *In re OGGUSA, Inc.*, No. 20-50133, 2021 WL 1042865, at *11 (Bankr. E.D. Ky. Mar. 16, 2021).

Nov. 17, 2011) (refusing to grant stay where the bankruptcy court had ruled on other motions pending before it and was "intimately familiar with the facts" of the case); *DiYanni v. Walnut Twp. Bd. of Educ.*, 2006 WL 2861018, at *3 (S.D. Ohio Oct. 4, 2006) ("[O]ne argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6)"). This is particularly true given the court's concern that motions for stay may be abused in showcases of "gamesmanship." *In re Solano*, No. 16-BK-26833 VZ, 2019 WL 2544562, at *2 (C.D. Cal. June 19, 2019).

10.     As emphasized above, the City has permeated this proceeding with delay. Therefore, now that the November 21, 2024 Memorandum Opinion and Order has resolved the Motion to Dismiss in its entirety, the Court should apply the general rule and order that the adversary proceeding against the City shall move forward, requiring the City to answer the Complaint and be subject to discovery, in order to mitigate the City's persistent delay tactics.

11.     While the Debtor has not located a published decision by this Court resolving the issue of granting a stay exception, that question was thoroughly reviewed by the Eastern District of Kentucky in *In re OGGUSA, Inc.*, No. 20-50133, 2021 WL 1042865, at *1 (Bankr. E.D. Ky. Mar. 16, 2021) ("*GenCanna*").[2] There, the debtor/plaintiff filed a post-confirmation adversary proceeding alleging that the former president of debtor's board of directors used debtor's money to operate his side business, defendant Southern Tier. *Id*. at 1–4. After the complaint was filed, defendant sought a declaration that the adversary proceeding was "non-core" to the bankruptcy matter (including the confirmed plan) in anticipation of moving to withdraw the reference. *Id*. at 4. The defendant also requested a stay of the proceedings, dismissal of the claims and/or transfer

---

[2] *GenCanna* (and the arguments raised in this Objection) should be intimately familiar to the City's counsel, Dentons Bingham Greenebaum LLP and Ms. April A. Wimberg, as Dentons and Ms. Wimberg were part of the team of attorneys that argued why a stay should **NOT** be granted to the defendant in that adversary proceeding.

of the claims to New York. *Id*. After finding that it had "related to" jurisdiction over the adversary proceeding, the court found that "[a] stay of the proceedings is likewise unnecessary. Finalizing the pleadings and discovery is required in any court." *Id*. at 11.

12.     Just as in *GenCanna*, this is a post-plan confirmation adversary proceeding. The Court has already found that it has "related to" jurisdiction over the matter. (Memorandum Opinion and Order at 9–12.)  This Court has also denied the City's Motion to Dismiss. This case is moving forward, whether in this Court or any other court (it should move forward in this Court). As a result, the City will have to answer the Complaint and Plaintiff will propound discovery to the City.[3]  Staying this proceeding is unnecessary and accomplishes nothing more than the City's goal of delay. *See, e.g., Omega Patents, LLC v. Fortin Auto Radio, Inc*., 2006 WL 2038534, at *4 (M.D. Fla. July 19, 2006) (holding that discovery should not be stayed "[b]ecause the only viable option available to [Defendant] was a transfer of the case to another federal forum [and] . . . discovery conducted would be equally valid and appropriate in the other federal forum.")

13.     Again, a stay is an exception, not the rule. The City has already delayed this matter for nearly nine months. It should not be allowed to continue to use gamesmanship to delay further answering the Complaint and responding to discovery requests, both of which it will have to provide. Courts in this Circuit have routinely found that even "the filing of a case dispositive motion is insufficient to warrant a stay of discovery." *B.L. v. Schuhmann*, 2019 WL 177940, at *5 (W.D. Ky. Jan. 11, 2019).

14.     In order to support its request for an exception to the general rule, the City asks that this Court adopt the standards set out in *In re Eagle Enterprises, Inc*. ("*Eagle Enterprises*"), 259 B.R. 83, 86–87 (Bankr. E.D. Pa. 2001), to determine whether a stay exception should be

---

[3]  Concurrently, the Debtor will (once again) also ask the City to comply with the order granting the 2004 Motion in the main case.

granted. *Eagle Enterprises* is inapposite. The very first thing that the *Eagle Enterprises* defendant did—prior to any other motion practice—was file a motion for stay and a motion for withdrawal of the reference and abstention in light of an identical case already pending before the New York state court. Here, however, the City has filed multiple motions seeking multiple forms of relief in the Bankruptcy Court prior to filing this Stay Motion—the present motions being filed only <u>after</u> the City's motion to dismiss was soundly defeated. As much as the City would like to argue that the lawsuit OBOT filed against the City is the same case as this adversary proceeding (it is not), no pending case exists in California between the City and Debtor; in fact, the City admits that Plaintiff did not participate in the California lawsuit. (Withdrawal/Venue Motion at 7 ("[The Debtor] chose not intervene or otherwise sue the City in California state court.").) Thus, the surrounding factors that led the court in *Eagle Enterprises* to grant the stay exception are not present here.

15.    Additionally, this Court has yet to adopt the four standards for a stay propounded in *Eagle Enterprises* and it is under no obligation to do so now. *In re Renewable Energy Dev. Corp.*, No. 2:12-CV-0771-RJS, 2014 WL 12740132, at *2 (D. Utah Jan. 10, 2014) (refusing to adopt a stay standard established by a different court). But even if this Court did adopt the standards set forth in *Eagle Enterprises*, as further discussed below, the City cannot demonstrate that it has a likelihood of prevailing on the merits, that it will suffer irreparable harm if the stay is denied, that other parties will not be irreparably harmed if the stay is granted, or that granting the stay serves the public interest. *Eagle Enterprises*, 259 B.R. at 86–87.

### a.   <u>Defendant is Not Likely to Succeed in its Withdrawal/Transfer Motion</u>.

16.    This Court has already found that it has "related to" jurisdiction over this adversary proceeding. (Memorandum Opinion and Order at 9-12.) Moreover, as Debtor's sole asset, claims

involving the Sub-Ground Lease—like those of the Complaint—are core matters to the confirmed plan. Alternatively, even if they were non-core, the District Court (like other courts) has rejected this as a basis for immediate withdrawal. *See, e.g.*, *In re Black Diamond Mining Co.*, 2010 WL 5173271, at *2 (E.D. Ky. Dec. 14, 2010). Regardless, whether the claims are core or non-core is only relevant to the Stay Motion insofar as it is a factor that the Court may consider in determining a motion to withdraw the reference. Here, that factor adds no support for the Stay Motion.

17.    To the extent Defendant attempts to argue its claim to a jury trial merits a withdrawal of the matter, several courts have held that the mere existence (or, as relevant here, potential existence) of a jury demand is not a basis to immediately withdraw the reference, because trial may never be necessary and the Bankruptcy Court can conduct pretrial proceedings. *See, e.g.*, *Sergent v. McKinstry*, 472 B.R. 387, 420–22 (E.D. Ky. 2012) (denying motion to withdraw reference as "premature" notwithstanding movant's right to a jury trial and ordering that Bankruptcy Court conduct all pretrial matters); *In re Appalachian Fuels*, 472 B.R. 731, 748 (E.D. Ky. 2012) ("[E]ven if withdrawal of the reference is ultimately necessary for a jury trial, the court need not withdraw the reference immediately."); *In re Angelucci*, 2009 WL 798805, at *5 (E.D. Ky. March 23, 2009) ("The Bankruptcy Judge's decision may obviate the need for a jury trial, should that right exist."); *see also In re The Antioch Co.*, 435 B.R. 493, 499 (Bankr. S.D. Ohio 2010) ("[I]f a party is entitled to a jury and makes a jury demand, courts have frequently denied requests to withdraw the reference until the action is ready for trial.").[4] Thus, it is unlikely that Defendant will prevail in its Withdrawal/Transfer Motion.

---

[4] Plaintiff would also like to point out that this Court can still have a jury trial if both parties agree: "[T]he bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C.A. § 157. *See also* Hicks Johnson, *Can Litigants Request a Jury Trial in Federal Bankruptcy Court?* JDSUPRA, February 28, 2022, https://www.jdsupra. com/legalnews/can-litigants-request-a-jury-trial-in-6410313/ (detailing the conditions by which a bankruptcy court may conduct a jury trial).

### b.  <u>Defendant Will Not Suffer Irreparable Harm Absent a Stay</u>.

18.    Defendant has failed to identify any irreparable harm requiring a stay of this adversary proceeding. The fact that Defendant disputes whether the Bankruptcy Court has jurisdiction does not support any finding of irreparable harm. *In re The Antioch Co.*, 435 B.R. at 502 (explaining why "[t]he Movants' argument that they will be irreparably harmed if this proceeding is not stayed pending the District Court's determination of the Motion because this court might overstep its jurisdictional and constitutional authority if it proceeds with adjudicating the adversary proceeding is without merit."). As discussed above, because the Motion to Dismiss was denied in its entirety, the City will be required to answer the Complaint and be subject to discovery requests. Thus, Defendant has not demonstrated any real harm or prejudice, let alone irreparable harm, that would warrant a stay of the proceedings.

### c.  <u>A Stay Will Harm Plaintiff</u>.

19.    Courts have held that "the interest of plaintiff in prosecuting [its] claims outweighs the burden on defendant to engage in discovery." *Baker v. Swift Pork Co.*, 2015 WL 6964702, at *1 (W.D. Ky. Nov. 10, 2015). That is especially true where, as here, litigation will continue regardless of the outcome of any motion to withdraw the reference. *See, e.g.*, *Williams v. New Day Farms, LLC*, 2010 WL 3522397, at *1–2 (S.D. Ohio Sept. 7, 2010) ("[U]nless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden variety Rule 12(b)(6) motion."). Plaintiff's interest in prosecuting its claims outweighs the burden on Defendant to engage in discovery and other pretrial proceedings.

9

20.     It is also well publicized that the City presently has an approximate $90 million annual budget shortfall, saddling the City with alarming annual debt with no foreseeable solution. (Lee Decl., ¶ 3, Ex. B.) On November 20, 2024, S&P Global Ratings place the City's bonding rating on a credit watch given the City's deteriorating financial position, and on December 2, 2024, Fitch Ratings downgraded the City's rating. (Lee Decl., ¶ 4, Exs. C, D.) As such, a Chapter 9 filing by the City is possible if not probable. Consequently, Plaintiff will be substantially harmed if this proceeding (and Plaintiff's damage claim of $1 billion or more) is stayed and, during the stay, the City files for Chapter 9 protection. This factor works strongly against granting the Stay Motion.

**d.  <u>Granting a Stay Will Not Serve the Public Interest</u>**.

21.     Finally, "[t]he only public interest in this litigation is to resolve it for all parties . . . in the most focused and efficient manner possible." *In re The Antioch Co.*, 435 B.R. at 503. The efficient resolution of this case maximizes the realization the confirmed plan and monetization of the Sub-Ground Lease, including recovery of any damages related thereto. Moreover, public interest will be harmed if Plaintiff is unable to conduct discovery. *See In re Blinder, Robinson & Co., Inc.*, 127 B.R. 267, 275 (D. Colo. 1991) (finding that a trustee's inability to conduct either a Rule 2004 examination or traditional discovery would be prejudicial to the public interest.)

## <u>CONCLUSION</u>

The Stay Motion (an exception to the general rule against stays) is the latest tactic taken by the City to avoid getting to the merits of the case. The gamesmanship by the City has already resulted in extensive and prolonged motion practice before this Court.  As this Court noted during a hearing earlier this summer, we are not here to play small ball.  With that in mind, granting the City's Stay Motion after nine months of delay created by the City would afford the City with a "small ball" victory by enabling their delay strategy. Instead, following the entry of the November 21, 2024 Memorandum Opinion and Order, the Court should deny the Stay Motion so this

proceeding can finally move forward regardless of the outcome of the Withdrawal/Transfer Motion.

Respectfully submitted,

*/s/ Robert M. Hirsh*
Robert M. Hirsh
NORTON ROSE FULBRIGHT US, LLP
1301 Avenue of the Americas
New York, New York 10019-6022
Telephone: (212) 318-3400
Robert.hirsh@nortonrosefulbright.com

*/s/ Barry W. Lee*
Barry W. Lee
MANATT PHELPS & PHILLIPS, LLP
One Embarcadero Center, 30th Floor
San Francisco, California 94111
Telephone: (415) 291-7450
bwlee@manatt.com

*/s/ Skyler M. Sanders*
Skyler M. Sanders
PARSONS BEHLE & LATIMER
36 Professional Plaza, Suite 200
Rexburg, Idaho 83440
Telephone: (208) 557-1953
ssanders@parsonsbehle.com

-and-

*/s/ Andrew D. Stosberg*
Andrew D. Stosberg
GRAY ICE HIGDON, PLLC
3939 Shelbyville Road, Suite 201
Louisville, Kentucky 40207
Telephone: (502) 625-2734
astosberg@grayice.com

*COUNSEL FOR PLAINTIFF*
*INSIGHT TERMINAL SOLUTIONS, LLC*

## **CERTIFICATE OF SERVICE**

It is hereby certified that on December 6, 2024 a true and correct copy of the foregoing was served electronically through the Court's CM/ECF system to all parties having entered an appearance in this proceeding, including Defendant's counsel.


*/s/ Andrew D. Stosberg*
COUNSEL FOR PLAINTIFF