**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) |
| INSIGHT TERMINAL SOLUTIONS, LLC, *et al.*, | ) Chapter 11 |
| Debtors. | ) Case No. 19-32231 |
| | ) |
| INSIGHT TERMINAL SOLUTIONS, LLC *as the Reorganized Debtor*, | ) (Jointly Administered) |
| | ) Adv. Proc. No. 24-03007-jal |
| Plaintiff, | ) |
| v. | ) Hon. Joan A. Lloyd |
| | ) |
| CITY OF OAKLAND, | ) |
| Defendant. | ) |

**ANSWER OF DEFENDANT TO COMPLAINT**

Defendant City of Oakland ("City"), by counsel, and for its Answer to the Complaint filed against it herein by Plaintiff Insight Terminal Solutions, LLC ("ITS"), states as follows:

The preamble to the complaint contains legal conclusions to which no response is required. To the extent that the preamble requires a response, Defendant denies the allegations in the preamble of the Complaint.

**INTRODUCTION**

1.      Defendant admits that Plaintiff has filed this action against Defendant. The remainder of Paragraph 1 contains legal conclusions to which no response is required. To the extent the remainder of this Paragraph requires a response, Defendant denies the allegations in Paragraph 1.

2.      Defendant admits that: the City selected a joint venture comprising California Capital Investment Group ("CCIG") and Prologis to develop City-owned land in the Oakland

1

Army Base in or around 2012; the City and CCIG-Prologis entered into a Lease Disposition and Development Agreement for City-owned land in the former Oakland Army Base on December 4, 2012; the City and CCIG-Prologis entered into a Development Agreement for City-owned land in the former Oakland Army base on July 16, 2013; the City and Oakland Bulk and Oversized Terminal ("OBOT") entered into a West Gateway Ground Lease ("Ground Lease") for a defined Premises—defined to include the West Gateway Property and Rail Right of Way Parcels—on February 16, 2016, for a term of 66 years "unless earlier terminated by subsequent mutual written agreement of the Parties or otherwise in accordance with this Lease." Defendant denies all other allegations in Paragraph 2.

3.      Defendant admits that OBOT was contractually required to construct a Bulk Terminal and certain defined Rail Improvements under terms set forth by the Ground Lease. The terms of the Ground Lease speak for themselves, and Plaintiff's characterization of them accordingly requires no response. To the extent the remainder of this Paragraph requires a response, Defendant denies the remainder of the allegations in Paragraph 3.

4.      Defendant admits that on September 24, 2018, OBOT and ITS signed a sublease ("ITS Sublease") that purported to pertain to the West Gateway Ground Lease with the City. Defendant denies the remainder of the allegations in Paragraph 4.

5.      Defendant admits that on June 26, 2018, OBOT and OGRE, a corporate entity owned along with OBOT by CCIG, signed a sublease ("OGRE Sublease") for certain property within the Rail Right of Way subject to the West Gateway Ground Lease. Defendant denies the remainder of the allegations in Paragraph 5.

6.      Defendant denies the allegations in Paragraph 6.

2

7.      Defendant admits that OBOT twice sued the City in federal and state court in California. The judicial decisions arising from those suits speak for themselves, and Plaintiff's characterizations of those decisions and its related legal conclusions accordingly do not require a response. To the extent the remainder of this Paragraph requires a response, Defendant denies the remainder of the allegations in Paragraph 7.

8.      Defendant denies the allegations in Paragraph 8.

9.      Defendant admits that on January 23, 2024, the Alameda County Superior Court entered judgment in favor of OBOT and OGRE and against the City. The judgment speaks for itself, and Plaintiff's characterizations of it and related legal conclusions require no response. Defendant also admits that, consistent with long-standing California law staying mandatory injunctions pending appeal, it declined Plaintiff's and OBOT's joint renewed request that the City approve the September 2018 ITS Sublease pending the appeal of the January 2024 judgment. To the extent the remainder of this Paragraph requires a response, Defendant denies the remainder of the allegations in Paragraph 9.

10.     Defendant admits that Plaintiff has sued the Defendant in this adversary proceeding. Defendant denies the remainder of the allegations in Paragraph 10.

## JURISDICTION AND VENUE

11.     Defendant admits the allegations in Paragraph 11.

12.     Defendant denies the allegations in Paragraph 12.

13.     Defendant denies the allegations in Paragraph 13.

14.     Defendant denies the allegations in Paragraph 14.

## PARTIES

15.     Defendant admits the allegations in Paragraph 15.

16.    Defendant admits that on November 3, 2020, this Court approved the plan of reorganization for ITS filed by Autumn Wind Lending ("AWL"). The terms of the plan of reorganization speak for themselves, and Plaintiff's characterizations of them and related legal conclusions accordingly require no response. To the extent the remainder of this Paragraph requires a response, Defendant denies the remainder of the allegations in Paragraph 16.

17.    Defendant admits that it is a municipal corporation and chartered city organized and existing under the laws of California, with an address at City Hall 1 Frank Ogawa Plaza Oakland, CA 94612. Defendant admits that it filed, as an interested party, an objection to the confirmation of proposed plans of reorganization for ITS. To the extent the remainder of this Paragraph requires a response, Defendant denies the remainder of the allegations in Paragraph 17.

## BACKGROUND

18.    Defendant admits that it entered into development contracts with a joint venture comprising CCIG and Prologis relating to City-owned land within the former Oakland Army Base, including the West Gateway Property. Defendant admits that it later entered into the West Gateway Ground Lease with OBOT. The terms of the Ground Lease and other development contracts speak for themselves, and Plaintiff's characterizations of them and related legal conclusions accordingly require no response. To the extent the remainder of this Paragraph requires a response, Defendant denies the remainder of the allegations in Paragraph 18.

19.    Defendant denies the allegations in Paragraph 19.

20.    Defendant admits that it entered into development contracts with a joint venture comprising CCIG and Prologis relating to City-owned land within the former Oakland Army Base, including the West Gateway Property. Defendant admits that it later entered into the West Gateway Ground Lease with OBOT. The terms of the Ground Lease and other development contracts speak for themselves, and Plaintiff's characterizations of them and related legal conclusions accordingly

require no response. To the extent the remainder of this Paragraph requires a response, Defendant denies the remainder of the allegations in Paragraph 20.

21.     Defendant entered into a Development Agreement with a joint venture comprising CCIG and Prologis in 2013. That contract speaks for itself, and Plaintiff's characterizations of it and related legal conclusions accordingly require no response. To the extent the remainder of this Paragraph requires a response, Defendant denies the remainder of the allegations in Paragraph 21.

22.     Defendant admits that it entered into the Ground Lease with OBOT in 2016. The Ground Lease speaks for itself, and Plaintiff's characterizations of it and related legal conclusions accordingly require no response. To the extent the remainder of this Paragraph requires a response, Defendant denies the remainder of the allegations in Paragraph 22.

23.     Defendant admits that OBOT signed sublease with OGRE in June 2018 and with ITS in September 2018. Defendant denies the remainder of the allegations in Paragraph 23.

24.     Defendant denies the allegations in Paragraph 24.

25.     Defendant denies the allegations in Paragraph 25.

26.     Defendant denies the allegations in Paragraph 26

27.     Defendant denies the allegations in Paragraph 27.

28.     Defendant denies the allegations in Paragraph 28.

29.     Defendant admits that OBOT and its affiliates twice sued Defendant. Defendant denies the remainder of the allegations in Paragraph 29.

30.     Defendant admits that the Oakland City Council enacted an ordinance and resolution governing the storage and handling of coal in June 2016. Defendant denies the remainder of the allegations in Paragraph 30.

31.     Defendant admits that on May 15, 2018 the U.S. District Court for the Northern District of California issued an order holding that the City's resolution applying its coal ordinance to the West Gateway Project breached the Development Agreement between the City and CCIG-Prologis and entered judgment for OBOT. Paragraph 31 contains characterizations of that court's decision and legal conclusions to which no response is required. To the extent the remainder of this Paragraph requires a response, Defendant denies the remainder of the allegations in Paragraph 31.

32.     Defendant admits the allegations in Paragraph 32.

33.     Defendant admits the allegations in Paragraph 33.

34.     Defendant denies the allegations in Paragraph 34.

35.     Defendant admits that on November 22, 2018, following OBOT's breach of its obligation to commence construction by the mandatory Initial Milestone deadline, Defendant invoked the express early termination provisions of the Ground Lease to terminate that contract. Defendant denies the remainder of the allegations in Paragraph 35.

36.     Defendant denies the allegations in Paragraph 36.

37.     Defendant admits that it denied OBOT's request for a non-disturbance agreement for ITS in September of 2018. Defendant denies the remainder of the allegations in Paragraph 37.

38.     Defendant denies the allegations in Paragraph 38.

39.     Defendant admits that in December of 2018, OBOT and OGRE sued Defendant in Alameda County Superior Court asserting tort and contract claims. Defendant denies the remainder of the allegations in Paragraph 39.

40.     Defendant admits that on January 23, 2024, following a bench trial, the Alameda County Superior Court entered judgment in favor of OBOT and OGRE, and against the City, and

the City filed a notice of appeal that same day. Defendant admits that Exhibit A is a copy of the judgment. The judgment speaks for itself and Defendant need not respond to Plaintiff's characterizations of it. To the extent the remainder of this Paragraph requires a response, Defendant denies the remainder of the allegations in Paragraph 40.

41.     The Alameda Superior Court judgment speaks for itself and Defendant need not respond to Plaintiff's characterizations of it. To the extent the remainder of this Paragraph requires a response, Defendant denies the remainder of the allegations in Paragraph 41.

42.     Defendant admits that Exhibit B is a copy of the Alameda Superior Court November 22, 2023 Statement of Decision. The Statement of Decision speaks for itself and Defendant need not respond to Plaintiff's characterizations of it. To the extent the remainder of this Paragraph requires a response, Defendant denies the remainder of the allegations in Paragraph 42.

43.     Defendant denies the allegations in Paragraph 43.

44.     Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 44, and on that basis denies the same.

45.     Defendant admits that: on September 24, 2018 OBOT signed the ITS Sublease with Plaintiff; the ITS Sublease was submitted to Defendant for review pursuant to the Ground Lease on September 28, 2018; Defendant never approved the sublease in light of OBOT's default under the Ground Lease. Defendant denies all other allegations in Paragraph 45.

46.     Defendant admits that on September 28, 2018, OBOT notified Defendant of the ITS Sublease and requested that the City provide an estoppel certificate and a non-disturbance agreement. Defendant denies all other allegations in Paragraph 46.

47.     Defendant denies the allegations in Paragraph 47.

48.     Defendant admits that on or about October 17, 2018 it responded to the NDA Request. Defendant's written response speaks for itself, and it need not respond to Plaintiff's characterization of that document. To the extent the remainder of this Paragraph requires a response, Defendant denies the remainder of the allegations in Paragraph 48.

49.     Defendant admits that on October 26, 2018, after the deadline for OBOT to cure its default had passed, Plaintiff's counsel wrote to Defendant regarding the ITS Sublease. That writing speaks for itself and Defendant need not respond to Plaintiff's characterization of it. To the extent the remainder of this Paragraph requires a response, Defendant denies the remainder of the allegations in Paragraph 49.

50.     Defendant denies the allegations in Paragraph 50.

51.     Defendant admits that on October 18, 2018, the City responded to the estoppel request. That writing speaks for itself and Defendant need not respond to Plaintiff's characterization of it. To the extent the remainder of this Paragraph requires a response, Defendant denies the remainder of the allegations in Paragraph 51.

52.     Defendant admits that on October 26, 2018, OBOT's counsel responded to Defendant in writing. Defendant denies all other allegations in Paragraph 52.

53.     Defendant admits that it issued a notice of default to OBOT on October 23, 2018. Defendant denies all other allegations in Paragraph 53.

54.     Defendant denies the allegations in Paragraph 54.

55.     Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 55, and on that basis denies the same.

56.     Defendant admits that on or about November 3, 2020, this Court entered an order confirming AWL's Chapter 11 Plan of Reorganization for Plaintiff. That order speaks for itself

and Defendant need not respond to Plaintiff's characterization of it. Defendant denies all other allegations in Paragraph 56.

57.     Defendant admits that, on August 4, 2020, it filed an objection to the proposed reorganization plans, accompanied by a declaration. Defendant admits that the quoted language from those filings is accurate. To the extent the remainder of this Paragraph requires a response, Defendant denies the remainder of the allegations in Paragraph 57.

58.     Defendant admits that on or about November 29, 2023, OBOT and Plaintiff submitted to Defendant a renewed notice of the ITS Sub-Ground Lease and renewed requests for an estoppel certificate and a non-disturbance agreement. Defendant denies all other allegations in Paragraph 58.

59.     Defendant admits that it declined in November 2023 to issue an estoppel certificate or non-disturbance agreement to OBOT and Plaintiff. Defendant denies all other allegations in Paragraph 59.

60.     Defendant admits that: on or about December 1, 2023, an architect, stating that he represented Plaintiff, submitted an application for development review to Defendant; on or about January 3, 2024, City Director of Planning and Building William Gilchrist responded to that person; on or about January 23, 2024, Defendant sent a letter to Plaintiff further responding to the application for review and other related items. Those writings speak for themselves and Defendant need not respond to Plaintiff's characterizations of them. To the extent the remainder of this Paragraph requires a response, Defendant denies the remainder of the allegations in Paragraph 60.

61.     Defendant denies the allegations in Paragraph 61.

62.     Defendant denies the allegations in Paragraph 62.

63.     Defendant admits that Plaintiff provided Defendant with a notice of claim on or about January 24, 2024. That writing speaks for itself and Defendant need not respond to Plaintiff's characterization of it. To the extent the remainder of this Paragraph requires a response, Defendant denies the remainder of the allegations in Paragraph 63.

64.     Defendant admits that it did not resolve Plaintiff's notice of claim by March 8, 2024. Defendant denies all other allegations in Paragraph 64.

## FIRST CAUSE OF ACTION

### (Tortious Interference with Prospective Economic Advantage)

65.     Defendant repeats and reincorporates their answers to Paragraph 1 through 64 as set forth herein.

66.     Defendant admits that OBOT and Plaintiff signed the ITS Sublease. Defendant denies all other allegations in Paragraph 66.

67.     Defendant admits that on September 28, 2018, OBOT notified Defendant of the ITS Sublease.  Defendant denies the remainder of the allegations in Paragraph 67.

68.     Defendant denies the allegations in Paragraph 68.

69.     Defendant denies the allegations in Paragraph 69.

70.     Defendant admits that on January 23, 2024, the Alameda Superior Court entered judgment in favor of OBOT and OGRE and against Defendant, which Defendant immediately appealed. Defendant admits that the termination of OBOT's Ground Lease by its express terms on November 22, 2018 ended any contractual obligation to OBOT, including any terms pertaining to subleases, estoppel certificates or non-disturbance agreements. Defendant denies the remainder of the allegations in Paragraph 70.

71.     Defendant denies the allegations in Paragraph 71.

72.     Defendant denies the allegations in Paragraph 72.

73.     Defendant denies the allegations in Paragraph 73.

74.     Defendant denies the allegations in Paragraph 74.

## SECOND CAUSE OF ACTION

### (Tortious Interference with Contract)

75.     Defendant repeats and reincorporates its answers to Paragraph 1 through 74 as set forth herein.

76.     Defendant admits that OBOT and Plaintiff signed the ITS Sublease.  Defendant denies the remaining allegations in Paragraph 76.

77.     Defendant admits that on September 28, 2018, OBOT notified Defendant of the ITS Sublease. Defendant denies the remaining allegations in Paragraph 77.

78.     Defendant denies the allegations in Paragraph 78.

79.     Defendant denies the allegations in Paragraph 79.

80.     Defendant denies the allegations in Paragraph 80.

81.     Defendant denies the allegations in Paragraph 81.

82.     Defendant denies the allegations in Paragraph 82.

83.     Defendant denies the allegations in Paragraph 83.

84.     Defendant denies the allegations in Paragraph 84.

85.     Defendant denies the allegations in Paragraph 85.

86.     Defendant denies the allegations in Paragraph 86.

87.     Defendant denies the allegations in Paragraph 87.

88.     Defendant denies the allegations in Paragraph 88.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in Plaintiff's prayer for relief or otherwise.  Specifically, Defendant denies that Plaintiff is entitled to any actual or

punitive damages or interest thereon, any reasonable costs, fees, or expenses, or any other relief at law or equity.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

### (Failure to State a Cause of Action)

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND DEFENSE

### (Failure to Plead with Specificity)

The Complaint fails to plead allegations with the specificity or particularity required by California law.

### THIRD DEFENSE

### (Failure to Plead Statutory Basis for Tort)

The Complaint fails because it does not plead any statutory basis for suing a municipality under California tort law.

### FOURTH DEFENSE

### (Lack of Subject Matter Jurisdiction)

This Court lacks jurisdiction under 28 U.S.C. § 1334 to adjudicate the claims alleged in the Complaint.

### FIFTH DEFENSE

### (Improper Venue)

This Court is the wrong venue to litigate this case. Assuming without admitting the federal courts have jurisdiction, the proper venue to adjudicate this action is the U.S. District Court for the Northern District of California. *See* 28 U.S.C. § 1404(a).

## SIXTH DEFENSE

## (Sovereign Immunity)

The Complaint fails because its claims against Defendant are barred by the doctrine of sovereign immunity, including any and all immunities reflected in the California Government Claims Act, California Government Code section 810 *et seq.*

## SEVENTH DEFENSE

## (Other Immunities)

The Complaint fails because its claims are, in whole or in part, barred by privileges set forth in California Civil Code section 47.

## EIGHTH DEFENSE

## (Collateral Estoppel)

The Complaint fails because its causes of action are barred by collateral estoppel.

## NINTH DEFENSE

## (Res Judicata)

The Complaint fails because its causes of action are barred by res judicata.

## TENTH DEFENSE

## (Waiver)

The Complaint fails because Plaintiff has waived or forfeited any right to recovery.

## ELEVENTH DEFENSE

## (Statutes of Limitations)

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation, statutes of repose, and/or contractual limitations periods.

## TWELFTH DEFENSE

### (Justification)

The Complaint fails because the alleged misconduct is justified by Defendant's good faith compliance with California law, including contract law and a mandatory automatic stay pending the resolution of an appeal in California state court pursuant to California Civil Procedure Code section 916(a).

## THIRTEENTH DEFENSE

### (Unclean Hands)

The Complaint fails because Plaintiff has unclean hands and is therefore barred from asserting any claims against the Defendant.

## FOURTEENTH DEFENSE

### (Judicial Estoppel)

The Complaint fails because its claims are barred by judicial estoppel.

## FIFTEENTH DEFENSE

### (Laches)

The Complaint fails because it is barred by laches. Plaintiff unreasonably delayed the filing of this lawsuit, which prejudiced Defendant's ability to defend against the allegations.

## SIXTEENTH DEFENSE

### (No Damages or Economic Loss)

The Complaint fails because Plaintiff has suffered no economic harm or damages.

## SEVENTEENTH DEFENSE

### (Failure to Mitigate Damages)

The Complaint fails because any damages are barred by Plaintiff's failure to mitigate.

## EIGHTEENTH DEFENSE

### (Unjust Enrichment)

The Complaint fails because any award for Plaintiff would constitute unjust enrichment.

## NINETEENTH DEFENSE

### (Abuse of Judicial Process and/or Wrongful Use of Civil Proceedings)

The Complaint fails because it was filed without a reasonable basis and for abusive and unlawful purposes other than succeeding on the merits.

## TWENTIETH DEFENSE

### (Fraud, Deceit, and Misrepresentation)

The Complaint fails because Plaintiff, including Plaintiff's predecessor entities, engaged in fraud, deceit, and misrepresentation with respect to the business relationships that form the basis of Plaintiff's claims.

## TWENTY-FIRST DEFENSE

### (Breach of Contract)

The Complaint fails because Plaintiff breached the contracts that form the basis of Plaintiff's claims.

## TWENTY-SECOND DEFENSE

### (Good Faith)

The Complaint fails because at all relevant times, Defendant acted in good faith.

## TWENTY-THIRD DEFENSE

### (Release from Liability)

The Complaint fails because Plaintiff has released Defendant from any liability for the alleged misconduct.

## TWENTY-FOURTH DEFENSE

### (Abstention)

This Court should abstain from adjudicating this matter because the outcome of a pending California state court case—implicating the land and primary lease that Plaintiff claims the right to sublease—could ultimately moot or otherwise invalidate Plaintiff's claims.

## TWENTY-FIFTH DEFENSE

### (Spoliation of Evidence)

The Complaint fails because Plaintiff and its affiliates have engaged in spoliation of evidence pertaining to the claims in this action.

## TWENTY-SIXTH DEFENSE

### (Intentional Acts as Superseding Cause)

The Complaint fails because third parties committed intentional acts that caused Plaintiff's alleged harm.

## TWENTY-SEVENTH DEFENSE

### (Privilege to Protect Economic Interest)

The Complaint fails because at all relevant times Defendant acted to protect its own legitimate economic interests.

## TWENTY-EIGHTH DEFENSE

### (Failure to Join Indispensable Party)

The Complaint fails because Plaintiff failed to join OBOT, the entity that caused the termination of the primary Ground Lease with the City, and therefore, the harm alleged by Plaintiff.

## TWENTY-NINTH DEFENSE

### (First Amendment)

The Complaint fails because defendant's alleged misconduct is protected by the First Amendment to the U.S. Constitution.

## THIRTIETH DEFENSE

### (Attorneys' Fees and Costs)

Plaintiff is not entitled to attorneys' fees or costs under any applicable statute or common law.

## THIRTY-FIRST DEFENSE

### (Ineligible for Punitive Damages)

Plaintiff's prayer for punitive damages is barred by California Government Code section 818.

## THIRTY-SECOND DEFENSE

### (Additional Affirmative Defenses)

Defendant reserves the right to assert additional affirmative defenses, or to amend the current affirmative defenses, if investigation or discovery indicates that such defenses would be appropriate.

WHEREFORE, Defendant respectfully requests the following relief:

A.      That Plaintiff's claims be dismissed in their entirety, with prejudice;

B.      An award of all costs, including reasonable attorneys' fees if allowed by law, relating to this action; and

C.      A trial by jury on all issues so triable; and

D.      All other relief to which Defendant may be entitled, including leave to file amended and supplemental pleadings as may be appropriate in light of information produced during discovery and the evidence introduced at trial.

Dated: December 19, 2024                              By:  /s/ *April A. Wimberg*

April A. Wimberg
Ryne E. Tipton
DENTONS BINGHAM GREENBAUM LLP
3500 PNC Tower, 101 South Fifth Street
Louisville, Kentucky 40202
Telephone: (502) 587-3719
Email: april.wimberg@dentons.com
       ryne.tipton@dentons.com

Barbara Parker, City Attorney (SBN 69722)
Maria S. Bee, Chief Asst City Attorney
(SBN 167716)
THE CITY OF OAKLAND
One Frank Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-3601
Email: bparker@oaklandcityattorney.org
       mbee@oaklandcityattorney.org

Monique D. Jewett-Brewster (SBN 217792)
HOPKINS & CARLEY, ALC
The Letitia Building
70 S First Street
San Jose, CA  95113-2406
Telephone: (408) 286-9800
Email:  mjb@hopkinscarley.com

Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Email:  dleonard@altshulerberzon.com

*Attorneys for Defendant,*
*City of Oakland*

18

**<u>CERTIFICATE OF SERVICE</u>**

The foregoing was served on December 19, 2024 via the Court's CM/ECF System.

<div style="margin-left: 40%;">

*/s/ April A. Wimberg*

April A. Wimberg

*Counsel for Defendant, City of Oakland*

</div>