**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| In re:<br><br>INSIGHT TERMINAL SOLUTIONS, LLC, *et al*.,<br><br>       Debtors. | Chapter 11<br><br>Case No. 19-32231<br><br>(Jointly Administered)<br><br>Adv. Proc. No. 24-03007-jal |
| INSIGHT TERMINAL SOLUTIONS, LLC, as the Reorganized Debtor,<br><br>       Plaintiff,<br><br>  v.<br><br>CITY OF OAKLAND,<br><br>       Defendant. | Judge Joan A. Lloyd |

**DEFENDANT CITY OF OAKLAND'S REPLY IN SUPPORT OF MOTION FOR STAY OF ADVERSARY PROCEEDING PENDING RESOLUTION OF MOTION TO WITHDRAW THE REFERENCE AND TRANSFER VENUE**

**INTRODUCTION**

Defendant City of Oakland ("City") promptly filed its request to stay proceedings in this Court along with its Motion to Withdraw the Reference and Transfer these California state law claims to the District Court for the Northern District of California. Since filing this stay motion, the case for a stay has become even stronger. First, a ruling from the District Court is increasingly imminent: the briefing and related designation of record has been docketed with the District Court, which is actively evaluating the City's motion. Second, Plaintiff Insight Terminal Solutions' ("ITS") opposition to the motion before the District Court concedes the presence of

4901-8820-8658.1

the most important factors weighing in favor of withdrawal and transfer, confirming the City's likelihood of succeeding on the merits, a significant factor in awarding the requested stay. Third, ITS has failed to identify any concrete harm it would incur from a short pause pending the District Court's resolution of the City's motion. Pressing ahead, by contrast, would impose needless costs and complication on the parties and the federal courts, with no countervailing benefit.

Bankruptcy courts regularly grant motions to stay where, as here, there is an overriding interest in withdrawing the reference and transferring venue, because that is the most efficient way to proceed. (*Infra* at 6 (collecting cases).) This Court should exercise its broad discretion to do just that, to maximize efficiency and minimize the waste of judicial resources.

## ARGUMENT

There is no real dispute here as to the standard that applies to the City's request for a stay, which is the familiar four-factor test. ITS quibbles with the City's reliance on *In re Eagle Enterprises, Inc.*, 259 B.R. 83 (Bankr. E.D. Pa. 2001) (Obj. 6-7), which the City cited for the legal standard applicable to a motion to stay in the bankruptcy courts (Mot. 2). But *Eagle Enterprises* merely sets forth the same factors—merits, harm to the parties, public interest—that every other case (including ITS's cited authorities) relies on to evaluate whether to stay a proceeding. In any event, the decision of whether to issue a stay pending the District Court's imminent resolution of the pending Motion to Withdraw the Reference and Transfer Venue to the Northern District of California is ultimately addressed to this Court's "sound discretion." *See FTC v. EMA Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014).[1]

---

[1] ITS's reliance on *In re OGGUSA, Inc.*, No. 20-50133, 2021 WL 1042865 (Bankr. E.D. Ky. Mar. 16, 2021) (Obj. 5) is similarly unavailing. ITS simply lists a series of facts about that case without explaining why they have any legal significance or why they might militate in favor of a stay here. (Obj. 5-6.) And *OGGUSA* did not involve the same overriding interest in transferring the case to a distant forum (and corresponding efficiencies) present here.

4901-8820-8658.1

## I.    The City's Motion to Withdraw and Transfer Is Well Supported

Both the withdrawal and transfer requests are supported by every relevant legal factor and are accordingly likely to succeed. This conclusion is only strengthened by ITS's opposition to that motion, filed after the stay opposition, which does not meaningfully contest that the most important factors militating in favor of withdrawal and transfer are present here.

As to the motion to withdraw, ITS conceded before this Court that this is a non-core proceeding because it does not arise in or under federal bankruptcy law. (Adv. Dkt. 72 at 7-8; *Gecker v. Marathon Fin. Ins. Co.*, RRG, 391 B.R. 613, 615 (N.D. Ill. 2008) (non-core nature of proceeding is "most important factor" weighing in favor of withdrawal); *see also* Adv. Dkt. 56 at 9 (agreeing that "arise in" or "arise under" jurisdiction does not apply to these claims). ITS does not dispute that a District Court will have to preside over any jury trial in this case, which could be lengthy and present purely California state law questions. (Adv. Dkt. 72 at 8-9; *Sergent v. McKinstry*, 472 B.R. 387, 405 (E.D. Ky. 2012) (where a litigant "has a jury trial right … cause to withdraw the reference 'automatically exists' regardless of the remaining factors").) And ITS provides no response to the remaining factors counseling in favor of withdrawal: Namely, that withdrawing the reference will not create disuniformity in the bankruptcy laws, will not promote forum shopping, and will expedite the proceeding. (Adv. Dkt. 72 at 10.)

As to the motion to transfer, ITS provides no good reason why this case should remain in Kentucky. ITS agreed to a forum selection clause requiring it to bring any claims arising directly or indirectly from its sublease of the Oakland, California land in Northern California. *Atl. Marine Const. Co. v. U.S. Dist. Ct. WDTX*, 571 U.S. 49, 60 (2013) (forum selection clause should be "given controlling weight in all but the most exceptional cases"); (Adv. Dkt. 72 at 11-12.) ITS does not contest that this case presents purely California state law questions, that witnesses,

3

parties, and evidence are centralized in California, that the people of California have an overriding interest in the outcome of this dispute implicating publicly-owned land and important questions of government immunity, and that the people of Kentucky have no interest whatsoever in this case (and should not bear the burden of presiding as jurors over non-local disputes). (Adv. Dkt. 72 at 13.) There can be no real question that jury trials tax the resources of the federal courts, and if this case is going to trial, it should be managed in and by the most appropriate forum back in California.

Given the overwhelming strength of the City's arguments, and ITS's failure to meaningfully respond to the most important factors militating in favor of withdrawal and transfer, the City's likelihood of success weighs in favor of a brief stay.

## II.    The City Will Suffer Irreparable Harm Absent a Stay

ITS argues that the "fact that Defendant disputes whether the Bankruptcy Court has jurisdiction does not support any finding of irreparable harm." (Obj. 9.) But that was not the basis of the City's stay motion. Rather, the City argued that absent a stay, the City will be forced to needlessly incur substantial discovery costs, including being made to sit for depositions in Kentucky. (Mot. 6; *Eagle Enterprises*, 259 B.R. at 88 (granting stay to avoid "duplicative costs of litigating in this Court and in New York").) ITS does not dispute that point, conceding that "the City will be … subject to discovery requests." (Obj. 9.)

## III.    A Stay Will Not Harm ITS

ITS does not identify any concrete harm it will suffer from a brief stay to allow the District Court to rule on the City's motion to withdraw and transfer. It asserts a generalized interest in "prosecuting [its] claims" but does not explain why a stay will impose any harm. (Obj.

9.) It also engages in vague speculation about the City's finances, but again, does not tie that speculation to any harm that would arise from a short pause of this proceeding. (Obj. 10.)

ITS also punctuates its brief with repeated accusations that the City's stay motion is part of a campaign of "delay." (Obj. 5 ("the City has permeated this proceeding with delay"); *see also id.* at 2, 3, 6, 10.) The City did not delay these proceedings; the City's motion to dismiss was very promptly filed, and although denied, the jurisdictional arguments and merits arguments were serious and well-taken. Moreover, the resolution of that motion was delayed not by the City, but by *ITS's failure* to promptly file an opposition within the Local Rules' 21-day deadline, choosing instead to file months later, and then to insist on a sur-reply. Both instances of supposed delay that ITS identifies—a jointly-filed extension to respond to the complaint and filing a motion to dismiss (Obj. 2)—do not reveal any effort to unduly prolong these proceedings. Indeed, the City's motion to dismiss sought to *advance* this proceeding by narrowing the issues in dispute. Engaging in such legitimate, good faith motion practice on dispositive legal questions is a hallmark of our judicial process, not a source of undue delay.

Relatedly, the cases cited by ITS denying requests for stays pending the resolution of motions to dismiss are entirely inapposite. (Obj. 4-5.) As ITS argued in its opposition to the City's motion to withdraw, the City needed to first obtain a ruling from this Court on whether the proceeding was core or non-core before filing its motion to withdraw. (Adv. Dkt. 65 at 6-7.) There would be no need for the District Court to expend resources considering such a request if the City's motion to dismiss was successful. The City accordingly did not have to file its motion to withdraw (and related stay request) before obtaining this Court's ruling on the motion to dismiss. (Adv. Dkt. 72 at 5.) Indeed, bankruptcy courts have not hesitated to grant a stay where, as here, there is an overriding interest in withdrawing the reference and transferring venue. *E.g.*

*Nukote Int'l, Inc. v. Off. Depot, Inc.*, No. 09-341A, ECF. No. 26 (Bankr. M.D. Tenn. Sept. 13, 2009); *CapRock Milling & Crushing, LLC v. Perdue Agribusiness LLC*, No. 24-02000, ECF. No. 37 (Bankr. N.D. Tex. Mar. 26, 2024); *Eagle Enterprises*, 259 B.R. at 86-89.

Finally, ITS decided to wait nearly four years post-confirmation to file an adversary complaint based on conduct that it claims caused a diminution in value in 2018. (*See* Adv. Dkt. 72 at 4.) ITS is no position to argue that it will be harmed by a brief stay now.

## IV.    A Stay Would Further the Public Interest

ITS is right that the public interest lies in resolving this dispute in "'the most focused and efficient manner possible.'" (Obj. 10.) Efficiency would not be served by pressing ahead with a pre-trial hearing and schedule in a case that will likely soon be rerouted to a district court in California, rendering this Court's actions moot, and where the parties and the court will be forced to duplicate efforts undertaken here. Such a wasteful expenditure of judicial resources would not serve the people of Kentucky, who have no interest whatsoever in the outcome of this case, (Adv. Dkt. 72 at 12-13.), or the people of California, who by contrast do have an interest in the outcome of this case.  Now that the matter is fully briefed and docketed with the District Court, it is eminently reasonable to impose a brief pause to allow that Court to decide whether this case should be heard in another forum.

## CONCLUSION

For the foregoing reasons, the City respectfully requests that this Court enter an Order: (1) staying the adversary proceeding pending the District Court's ruling on the Motion to Withdraw and Transfer Venue; and (2) granting such other and further relief as is just and appropriate under the circumstances.

Dated:  January 23, 2025          By:  /s/ Monique D. Jewett-Brewster
                                 Monique D. Jewett-Brewster (SBN 217792)
                                 LATHROP GPM
                                 The Letitia Building
                                 70 S First Street
                                 San Jose, CA  95113-2406
                                 Phone:        (408) 286-9800
                                 Facsimile:    (408) 998-4790
                                 Email:  mjb@lathropgpm.com


                                 Ryan Richardson, City Attorney (SBN 223548)
                                 (Pro Hac Vice motion forthcoming)
                                 Maria S. Bee, Chief Asst City Attorney
                                 (SBN 167716)
                                 Kevin McLaughlin, Supervising Deputy City
                                 Attorney (SBN 251477)
                                 THE CITY OF OAKLAND
                                 One Frank Ogawa Plaza, 6th Floor
                                 Oakland, California 94612
                                 Phone:   (510) 238-3601
                                 Email:   rrichardson@oaklandcityattorney.org
                                          mbee@oaklandcityattorney.org
                                          kmclaughlin@oaklandcityattorney.org

                                 April A. Wimberg
                                 Ryne E. Tipton
                                 DENTONS BINGHAM GREENBAUM LLP
                                 3500 PNC Tower, 101 South Fifth Street
                                 Louisville, Kentucky 40202
                                 Phone:  (502) 587-3719
                                 Email:   april.wimberg@dentons.com
                                 ryne.tipton@dentons.com


                                 Danielle Leonard (SBN 218201)
                                 ALTSHULER BERZON LLP
                                 177 Post Street, Suite 300
                                 San Francisco, CA 94108
                                 Phone: (415) 421-7151
                                 Email:  dleonard@altshulerberzon.com

                                 Attorneys for Defendant,
                                 CITY OF OAKLAND

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served electronically upon all parties in the electronic filing system.

Dated:  January 23, 2025              By: _/s/ *Monique D. Jewett-Brewster*_____
                                                    Monique D. Jewett-Brewster