UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| INSIGHT TERMINAL SOLUTIONS, LLC, *et al.* ) | CASE NO. 19-32231(1)(11) |
| ) | (Jointly Administered) |
| Debtors ) | |
| ) | |
| INSIGHT TERMINAL SOLUTIONS, LLC, ) | Adv. Proc. No. 24-03007 |
| as the Reorganized Debtor, ) | |
| ) | |
| Plaintiff(s) ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF OAKLAND, ) | |
| ) | |
| Defendant(s) ) | |

**MEMORANDUM-OPINION-ORDER**

This matter is before the Court on the Objection to Dates of the Scheduling Order for Dispositive Motions filed by the City of Oakland to the Scheduling Order for Dispositive Motions submitted by Plaintiff Insight Terminal Solutions, LLC ("ITS").

On July 11, 2025, ITS filed a Scheduling Order for Dispositive Motions. These dates were determined by the Court after a hearing was held on the matter on July 10, 2025. At the hearing, ITS and the City of Oakland discussed and agreed to deadline dates. However, after the hearing, the City of Oakland indicated to ITS that it had a problem with the September 30 date, which was the date set for a hearing on dispositive motions, and requested that the hearing dates be pushed back, noting the upcoming Jewish holidays. ITS responded to the City of Oakland and indicated that the date

proposed by the City of Oakland would not work due to the start of Yom Kippur on October 1 and ending on October 2.

The Court then decided on a new schedule for dispositive motions, which was then incorporated in the Scheduling Order for Dispositive Motions filed by ITS on July 11, 2025.

The City of Oakland then filed an Objection to Dates of the Scheduling Order for Dispositive Motions on July 11, 2025, requesting additional time for the parties to file dispositive motions and responses to the filings.

The City of Oakland's request to extend the briefing schedule must be denied. The case has been pending since May of 2024 and the parties have completed discovery. Furthermore, the original dates for the deadlines were agreed to by the parties at the hearing held on the matter. However, after the hearing, the City of Oakland filed an Objection to the new dates determined by the Court and requested additional time for briefing the matter.

The Court has allowed ample time for the parties to prepare dispositive matters. Considering the number of attorneys representing both the parties, the Court is not inclined to extend the deadlines entered in the Order. While the Court acknowledges the reasons for the City's Objection to the Scheduling Order submitted by ITS, the Court will not extend the dates it set forth at the hearing held at the telephone conference with the parties on July 10, 2025. Dispositive motions by their nature are prepared and filed for the Court's understanding of the relative parties' arguments and points of authority. It is an accommodation by the Court and may be helpful in narrowing the scope of a trial on the merits. Therefore, the Court deems acceptance of dispositive motions as discretionary.

For all of the above reasons, the Court will enter and incorporate by reference herein the Scheduling Order for Dispositive Motions filed by ITS on July 11, 2025 (DKT #112) and **OVERRULE** the City of Oakland's Objection to the Dates of the Scheduling Order for Dispositive Motions (DKT #113).

So Ordered this 15th day of July, 2025.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: July 15, 2025